CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
JUL 24 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| GLENN H. CASH, | ) | CASE NO. 4:05CV00069 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By:  B. Waugh Crigler |
| of Social Security, | ) |      U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 21, 2002 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reason that follows, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who was 49 years old, graduated from high school, and worked as a service station manager, had not engaged in substantial gainful activity since his alleged onset of disability date, January 1, 2003, and was insured for disability benefits through the date of the decision. (R. 19-20.) The Law Judge also found that the plaintiff suffered medical impairments, including diabetes mellitus, osteoarthritis, pulmonary

fibrosis, obstructive prostate neuropathy, a low-normal IQ of 86, and hypertension, which are collectively severe within the meaning of the Regulations, but not severe enough to meet or equal a listed impairment. (R. 21.) The Law Judge determined that the plaintiff's claims were not fully credible, noting that the plaintiff's alleged pain and other limitations did not prevent him from working in the past, and that the severity of the limitations he alleged was inconsistent with his daily activities and treating source evidence. (R. 23.) Relying on the assessment of a State Agency medical record review, the Law Judge concluded that the plaintiff could not perform his past relevant work of service station manager, but that he retained the residual functional capacity ("RFC") for light work, free from heights or hazards, simple, routine and repetitive in nature, and not requiring him to lift more than twenty pounds occasionally, sit for more than two hours and stand and walk for more than six hours in an eight hour day. (R. 24, 26.) By application of the Medical-Vocational Guidelines ("grids") as a framework for the decision, and relying on testimony provided by a vocational expert (VE) in response to a hypothetical question which assumed plaintiff could do light work which was well-illuminated, accommodated plaintiff's double vision and postural limitations, had no hazards, and was simple and repetitive in nature, the Law Judge found gainful light work was available to the plaintiff. (R. 25, 55.) Thus, the Law Judge determined that plaintiff was not disabled under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Council found no reason to review the Law Judge's decision, denied review and adopted his decision as the final decision of the Commissioner. (R. 7.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20

C.F.R. §§ 404.1527-1545; *Hays v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

While plaintiff has raised a number of issues in his brief supporting his complaint, the undersigned will not address them *seriatim*, but turns first to the contention that the Law Judge erred by posing a hypothetical question to the VE which did not accurately represent plaintiff's limitations. This is so because error at the final level of the sequential evaluation may necessitate a remand for further proceedings.

It is well recognized that when the claimant has established an inability to perform his past relevant work, the burden shifts to the Commissioner to show that a significant number of jobs are available to the claimant in the national economy. 20 C.F.R. §§ 404.1512(g), 1520(g)(1), 1560(c)(2). Should non-exertional limitations be present, the Commissioner is not permitted to discharge her burden by relying on the grids but, instead, must present vocational evidence through the testimony of a VE. 20 C.F.R. §§ 404.1569, Appendix II, § 200.00(e). For vocational evidence to be relevant, the Law Judge must properly set out in hypothetical questions to the VE all of plaintiff's impairments and their substantiated effects. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Otherwise, the Commissioner will not have discharged her burden.

The Law Judge's assessment of plaintiff's RFC included the limitation contained in the

Case 4:05-cv-00069-JLK-BWC   Document 17   Filed 07/24/06   Page 3 of 5   Pageid#: 51

DDS capacities assessment that plaintiff could not sit for more than two hours in an eight hour day. (R. 26, 290.) This limitation was not explicitly included in the hypothetical question submitted to the VE by the Law Judge[1]. (R 55.) Moreover, the hearing transcript reveals a colloquy among the Law Judge, plaintiff's counsel and the VE in which the VE pointed out "a lot of mistakes . . . white out and change[s]" in the DDS assessment and complained that the assessment appeared "pretty sloppy throughout." (R. 58.) The Law Judge too admitted that there was "a degree of strangeness in the DDO (sic) finding." *Id.*

For these reasons, the undersigned cannot ascertain whether the Commissioner met her burden of coming forward with substantial evidence that jobs exist in the economy which plaintiff could perform. For an adequate adjudication of plaintiff's claim at the final level of the sequential evaluation, further proceedings are necessary both to clarify the underlying medical evidence relied on by the Law Judge for his RFC determination, and to certify the VE's opinion based on that clarified evidence. Thus, there is good cause to remand the case for further proceedings at the final level of sequential evaluation.[2]

Therefore, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision which denied benefits, but REMANDING the case to the Commissioner for further

---

[1] The undersigned notes that a portion of the question was "inaudible," making it impossible for the court to determine the exact breadth of the hypothetical question.

[2] Because the case should be remanded on the grounds set forth above, the undersigned does not believe it is necessary to address the balance of plaintiff's contentions which essentially challenge the Law Judge's determinations concerning the weight of the medical evidence and plaintiff's credibility. The undersigned's recommendation contemplates that, should the Commissioner decide not to grant benefits on the current record, supplemental proceedings will be held; and new findings will be made regarding the weight of the medical evidence and plaintiff's credibility, which will be subject to judicial review should plaintiff again appeal.

4

proceedings. The order of remand should direct that, should the Commissioner be unable to grant benefits on the current record, she is to recommit the case for further proceedings at the final level of the evaluation process during which both sides will be entitled to introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

July 24, 2006
Date